UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: RODERICK O. FORD,

    Debtor.
_____

Case No. 8:22-bk-4087-RCT

RODERICK FORD,

    Appellant,

v.

Case No. 8:23-cv-0513-KKM

STATE OF FLORIDA DEPARTMENT
OF REVENUE et al.,

    Appellees.
_____

## ORDER

Roderick O. Ford appeals the transfer of his Chapter 13 case from the Northern District of Florida Bankruptcy Court to the Middle District, and the subsequent dismissal of the case. Because Ford consented to the transfer and it was appropriate, that order is affirmed. And because the case was properly dismissed for unreasonable delay and failure to pay the domestic support obligation, the dismissal order is affirmed.

I.  BACKGROUND

In August 2016, Ford filed a voluntary Chapter 13 bankruptcy petition in the Middle District of Florida Bankruptcy Court. *See* Chapter 13 Petition, *In re Ford*, No.

8:16-bk-7504 (Bankr. M.D. Fla. Aug. 30, 2016), ECF No. 1. The State of Florida Department of Revenue filed a proof of claim for an unpaid domestic support obligation arising out of Ford's Divorce Decree. *See id.* at 25; *In re Ford*, No. 20-13977, 2021 WL 4129376, at *1 (11th Cir. Sept. 10, 2021) (per curiam). Ford objected to that claim, arguing that he was entitled to a credit towards the amount of those payments. The bankruptcy court explained that it was "without proper authority to determine the total amount of the domestic support obligation from which it might subtract the credits claimed" by Ford and directed him to return to state court to determine the amount of his obligation. *See In re Ford*, No. 8:16-bk-7504 (Bankr. M.D. Fla. July 19, 2018), ECF No. 151 at 5; *In re Ford*, No. 8:19-cv-2724, 2020 WL 13349093, at *2 (M.D. Fla. Aug. 3, 2020) (Scriven, J.). In 2019, the bankruptcy court dismissed the case—and then declined Ford's motion to reconsider the dismissal—because (1) without resolving the domestic support issue in state court, Ford was unable to confirm a Chapter 13 plan, and (2) Ford failed to timely file an amended plan which properly considered the domestic support claims. *See* Order Denying Mot. to Vacate, *In re Ford*, No. 8:16-bk-7504 (Bankr. M.D. Fla. Oct. 2, 2019), ECF No. 252; 2021 WL 4129376, at *1–2. Both the District Court and the Court of Appeals affirmed. 2020 WL 13349093 at *7; 2021 WL 4129376 at *3.

On June 6, 2022, Ford filed a Chapter 13 Voluntary Petition in the Northern District of Florida Bankruptcy Court, with another claim by the Florida Department of

2

Revenue for the unpaid domestic support obligation *See* Petition (Bankr. Doc. 1)¹ at 18. Ford filed an adversary proceeding under 42 U.S.C. § 1983 against the Florida Department of Revenue, a state court family law judge, his ex-wife, and her attorney. *See* Adv. Proceeding (Bankr. Doc. 5); Compl., *In re Ford*, No. 8:22-ap-202 (Bankr. M.D. Fla. June 8, 2022), ECF No. 5.

On the second bankruptcy petition in the Northern District, Ford listed his residence as a UPS store in Gainesville. *See* Petition (Bankr. Doc. 1) at 2; OSC (Bankr. Doc. 41) at 1. On July 28, 2022, the bankruptcy court ordered Ford to show cause why the case should not be transferred to the Middle District of Florida Bankruptcy Court. OSC at 2. The bankruptcy court noted that Ford indicated having real property in Brandon, Florida, had a previous bankruptcy petition in the Middle District, and indicated in filings in that previous petition that he intended to transfer the case to the Middle District. *Id.*; *see also* Ex. to Notice of Filing Letter, *In re Ford*, No. 8:16-bk-7504 (Bankr. M.D. Fla. June 2, 2023), ECF No. 300-1.

In response to the show cause order, Ford stated that he "believe[d] that Judge Robert[a] Colton, U.S. Bankruptcy Court, Middle District of Florida (Tampa Division) [was] in the very best position to adjudge the complex legal matters in this case, because

---

¹ Any citation to documents in the bankruptcy proceeding which are not listed on this Court's docket are cited with this convention, which refers to the ECF docket entry in the bankruptcy case, *In re Ford*, No. 8:22-bk-4087.

3

she presided over the [previous] case since 2017 up through 2021. The Debtor holds Judge Colton in very high regards." Resp. to OSC (Bankr. Doc. 44) at 2. Accordingly, the bankruptcy court transferred the case (and the adversary proceeding) to the Middle District of Florida. Transfer Order (Bankr. Doc. 66). He explained that Ford's previous case in the Middle District was dismissed and affirmed by both the District Court and the Eleventh Circuit because Ford had attempted to confirm a plan that would have required the bankruptcy court to calculate the amount of his domestic support obligation under state law. *Id.* at 2. "In light of th[at] history . . . the Court deem[ed] it appropriate to transfer this case to the same court, and hopefully the same judge, in the Bankruptcy Court for the Middle District of Florida." *Id.* at 4. The case was then assigned to Judge Colton. *See* Bankr. Docket (Doc. 7-6) at 1.

Ford then appealed that ruling to the Northern District of Florida, which dismissed it as an improper interlocutory appeal. *See* Order Dismissing Appeal for Lack of Jurisdiction, *In re Roderick O. Ford*, No. 1:22-cv-237 (N.D. Fla. Nov. 14, 2022) (Winsor, J.), ECF No. 5.

Before the transfer, the Florida Department of Revenue moved to dismiss Ford's petition under 11 U.S.C. § 1307(c)(1) because the new petition raised similar concerns as his previous petition and Ford had failed to return to state court to calculate his domestic support obligation. FLDOR MTD (Bankr. Doc 30) at 2–3. Ford's ex-wife, Trenise

4

Braxton, joined the motion and added that the petition should also be dismissed under 11 U.S.C. § 1307(c)(11) because Ford "ha[d] not paid any of the ongoing domestic support obligation post-petition." Braxton MTD (Bankr. Doc. 132) at 1–2.

The bankruptcy court granted the motion and dismissed the petition on December 15, 2022. Order Dismissing Petition (Doc. 7-2). The bankruptcy court also dismissed Ford's adversary proceeding based on the dismissal of the Chapter 13 petition. Dismissal, *In re Ford*, No. 8:22-ap-202 (Bankr. M.D. Fla. Dec. 15, 2022), ECF No. 123.

In the Chapter 13 case, Ford then moved for a new trial, Mot. for New Trial (Bankr. Doc. 158), for reconsideration of the dismissal of his petition, Mot. for Recons. (Bankr. Doc 159), and to recuse Bankruptcy Judge Colton, Mot. Recusal (Bankr. Doc. 156). Ford argued that, unlike in his previous petition, where he desired that the bankruptcy court calculate the amount of his domestic support obligation, here he instead requested that the bankruptcy court "fashion an[] appropriate remedy" to allow him to "prosecute his Petition for Recoupment and Off-set [in state court] without being discriminated against and harassed." Mot. for Recons. at 18. The bankruptcy court denied all three motions on March 10, 2023. Order Denying Recusal (Bankr. Doc. 169); Order Denying Reconsideration and New Trial (Bankr. Doc. 170). Ford appealed on March 13, 2023. Notice of Appeal (Bankr. Doc. 173; 174). Ford did not file a notice of appeal in the adversary proceeding. *See* Docket, *In re Ford*, No. 8:22-ap-202 (Bankr. M.D. Fla. Dec. 15, 2022).

5

## II. LEGAL STANDARD

A district court serves in an appellate role while reviewing a bankruptcy court's decisions. *See Williams v. EMC Mortg. Corp.*, 216 F.3d 1295, 1296 (11th Cir. 2000). Accordingly, a district court reviews the bankruptcy court's legal conclusions de novo. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990).

## III. ANALYSIS

Ford challenges the transfer of his case to the Middle District of Florida and its subsequent dismissal. Despite his pro se status, Ford is a " 'veteran bankruptcy attorney' who is 'familiar with the federal bankruptcy rules, the federal bankruptcy code, and local practice in the Middle District of Florida,' " so he is not entitled to a liberal construction of his pleadings. *In re Ford*, No. 20-13977, 2021 WL 4129376, at *2 (11th Cir. Sept. 10, 2021) (per curiam) (quoting *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977)). Moreover, he continues to disregard the Eleventh Circuit's clear directives.

### A. Transfer

Venue for bankruptcy cases is proper in the district:

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

6

28 U.S.C. § 1408. Importantly, under 28 U.S.C. § 1412, a court may transfer a bankruptcy proceeding to another district "in the interest of justice or for the convenience of the parties." *See also In re Townsend*, 84 B.R. 764, 768 (Bankr. N.D. Fla. 1988) (noting that "[i]n cases where convenience is an overriding concern," transfer from a proper venue may be permitted under § 1412).

Ford claims that the bankruptcy court improperly transferred the case in violation of the Code of Conduct for United States Judges and the bankruptcy venue statutes. Appellant's Br. (Doc. 15) at 19. That argument lacks any colorable basis. As an initial matter, the bankruptcy court did not find venue improper in the Northern District, but instead determined that transfer was "appropriate." Thus, Ford's discussion of § 1408 is inapplicable. *See* Appellant's Br. at 15–16, 29–30. But, because Ford's petition indicates his principal asset is a home in Brandon, Florida, the Middle District is an otherwise appropriate venue in any event. Petition at 10; *see In re Blumeyer*, 224 B.R. 218, 220 (Bankr. M.D. Fla. 1998) ("The four tests of venue, domicile, residence, principal place of business in the United States, and principal assets in the United States are given in the alternative and any of the four is jurisdictionally significant."). Ford's previous petition involving similar facts was adjudicated in the Middle District and Ford agreed that the Middle District was "in the very best position to adjudge the complex legal matters in this case." Resp. to OSC at 2. It was not an abuse of discretion to find that transfer was therefore

7

in the interest of justice and to the convenience of the parties, particularly when Ford consented to the transfer. *See* 28 U.S.C. § 1412. Accordingly, the transfer is affirmed.

### B. Dismissal of the Chapter 13 Petition

Under 11 U.S.C. § 1307(c), the bankruptcy court, on request of a party in interest or the trustee, may dismiss a case for certain reasons. Relevant here, dismissal is appropriate under subsection (1) because of "unreasonable delay by the debtor that is prejudicial to creditors," and under subsection (11) because of "failure of the debtor to pay any domestic support obligation that first becomes available after the date of the filing of the petition." 11 U.S.C. § 1307(c)(1), (11).

Here, the bankruptcy court properly dismissed Ford's second petition under either provision. First, Ford requested that the bankruptcy court enter "some form of adequate protective order . . . in order to fashion a reasonable solution to the confusion and hostility that would permit [him] to conduct the off-set and recoupment calculations in the state court without being oppressed and harassed." Appellant's Br. at 46. This would have required the bankruptcy court to instruct the state court how to calculate his domestic support obligation—exactly what the Eleventh Circuit already affirmed that the bankruptcy court would not do. 2021 WL 4129376, at *2 (noting that " '[f]ederal bankruptcy courts have no business becoming embroiled in state domestic relations to such a degree' as to 'result in de facto modification of state child-support orders' " (alteration in

8

original) (quoting *Fla Dep't of Revenue v. Diaz*, 647 F.3d 1073, 1092 n.16 (11th Cir. 2011)); *see also Carver v. Carver*, 954 F.2d 1573, 1579 (11th Cir. 1992) (noting the "danger that bankruptcy will be used as a weapon in" divorce negotiations). Thus, it was not an error for the bankruptcy court to dismiss this petition under § 1307(c)(1) because, like the first one, it could not be confirmed until Ford received a determination from the state court of his domestic support obligation, and Ford still had not done so. That Ford again wants the bankruptcy court to interfere in that state court proceeding changes nothing. Because any bankruptcy plan will be unconfirmable without the state court determination, Ford's failure to receive such a determination again unreasonably delays resolution of this case.

Second, the bankruptcy court determined that Ford had not paid any domestic support obligation incurred after he filed his petition. Ford does not challenge this determination in his appellate brief. Accordingly, this provides a separate ground for affirming the bankruptcy court's dismissal. *See* 2021 WL 4129376, at *3 (where Ford "failed to address the bankruptcy court's alternative grounds," he "has abandoned any challenge" to them); *see also In re Le Centre on Fourth, LLC*, 17 F.4th 1326, 1336 (11th Cir. 2021) (noting that where "briefing did not raise this issue on appeal, . . . it has been waived").

9

### C. Dismissal of Adversary Proceeding

In his brief, Ford appears to challenge the bankruptcy court's dismissal of his adversary proceeding. *See* Appellant's Br. at 1 (listing adversary proceeding in case caption); 17 (arguing that dismissal of the adversary proceeding was improper). But because Ford failed to file a notice of appeal in that case, the Court is without jurisdiction to review the dismissal. *See* Fed. R. Bankr. P. 8003(a)(1) ("An appeal from a judgment, order, or decree of a bankruptcy court to a district court . . . may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed."); *In re Ocean Warrior, Inc.*, 835 F.3d 1310, 1318 (11th Cir. 2016).

## IV. CONCLUSION

The transfer of this case to the Middle District of Florida was appropriate, as was its subsequent dismissal. Accordingly, the orders of the bankruptcy court are **AFFIRMED**. The Clerk is directed to **ENTER JUDGMENT,** which shall read: "The order of the bankruptcy court is affirmed," **TERMINATE** any pending motions and deadlines, and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on August 1, 2023.

Kathryn Kimball Mizelle
United States District Judge